UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3537 |
| | § | |
| ROUND DHA LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **DEFAULT JUDGMENT**

Before the Court is *Plaintiff's Motion for Default Judgment and Brief in Support (Solely as to Defendant Jon N. Delesandri)* ("Motion") filed by Plaintiff J&J Sports Productions, Inc. ("Plaintiff"). Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendant John N. Delesandri, individually, and d/b/a Dempsey's Tavern a/k/a Dempsey Sports Bar and Grill ("Defendant")[1] failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in *Plaintiff's Original Complaint* are deemed admitted against Defendant; that Defendant exhibited the closed circuit, November 22, 2014 Manny Pacquiao v. Chris Algieri WBO Welterweight Championship Fight Program, including undercard or preliminary bouts, without authorization from Plaintiff; and that Defendant's

---

[1] Defendants Round DHA LLC and Robert W. Baker settled their claims with Plaintiff and they submitted an Agreed Order of Dismissal With Prejudice. Thus, the only Defendant remaining in this lawsuit is Defendant John N. Delesandri.

actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That Judgment by default be entered in favor of Plaintiff and against Defendant.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant in the amount of $10,000.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $50,000.00.

4. That Plaintiff recover attorneys' fees from Defendant in the amount of $20,000.00; along with attorney's fees for post-trial and appellate services.

5. That Plaintiff recover the following conditional awards of attorney's fees from Defendant in the following circumstances:

   a) Ten Thousand Dollars ($10,000.00) in the event Defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

   b) Twenty-Five Thousand Dollars ($25,000.00) in the event Defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

   c) Five Thousand Dollars ($5,000.00) in the event Defendant files a motion for rehearing or reconsideration in the Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

d) Twenty-Five Thousand Dollars ($25,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;

e) Seventy-Five Thousand Dollars ($75,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

f) For collection of the Judgment, Two Thousand Five Dollars ($2,500.00) each time Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment or other post-judgment writ.

6. The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of 2.53 percent from the date of this Judgment until paid.

7. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

8. This Judgment is a final judgment.

SIGNED on this 11th day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge